No. 19-11930-B

# IN THE UNITED STATES COURT OF APPEALS
# FOR THE ELEVENTH CIRCUIT

OUTOKUMPU STAINLESS USA, LLC; SOMPO JAPAN INSURANCE
COMPANY OF AMERICA; POHJOLA INSURANCE LIMITED; AIG
EUROPE LIMITED; TAPIOLA GENERAL MUTUAL INSURANCE
COMPANY; AXA CORPORATE SOLUTIONS ASSURANCE SA UK
BRANCH; HDI GERLING UK BRANCH; MSI CORPORATE CAPITAL
LTD.; ROYAL & SUN ALLIANCE, PLC,

*Appellees,*

vs.

CONVERTEAM SAS, n/k/a GE ENERGY POWER CONVERSION
FRANCE SAS, CORP.,

*Appellant.*

_____

ON APPEAL FROM THE UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF ALABAMA

## JOINT BRIEF OF APPELLEES OUTOKUMPU STAINLESS
## USA, LLC; SOMPO JAPAN INSURANCE COMPANY OF
## AMERICA; POHJOLA INSURANCE LIMITED; AIG EUROPE;
## TAPIOLA GENERAL MUTUAL INSURANCE COMPANY; AXA
## CORPORATE SOLUTIONS ASSURANCE SA UK BRANCH; HDI
## GERLING UK BRANCH; MSI CORPORATE CAPITAL LTD.;
## ROYAL & SUN ALLIANCE, PLC

DEVIN C. DOLIVE
E. TRAVIS RAMEY
BURR & FORMAN LLP
420 NORTH 20TH STREET
BIRMINGHAM, AL 35203
Tel:   (205) 251-3000

JOSEPH J. FERRINI
CLAUSEN MILLER P.C.,
10 S. LaSalle Street, Suite 1600
Chicago, IL 60603-1098
Tel:   (312) 855-1010

---

**IN THE UNITED STATES COURT OF APPEALS
FOR THE ELEVENTH CIRCUIT**

OUTOKUMPU STAINLESS USA, LLC, *et al*,

*Appellees,*

vs.

CONVERTEAM SAS, n/k/a GE ENERGY POWER
CONVERSION FRANCE SAS, CORP.

*Appellant.*

## CERTIFICATE OF INTERESTED PERSONS

Counsel of record for Appellees certify that the following persons have an interest in the outcome of this appeal. Counsel of record for Appellees make these representations for the Judges of this Court to evaluate possible disqualification or recusal:

AIG Europe Holdings Limited

AIG Europe Limited

AIG Europe SA

AIG Holdings Europe Sarl

AIG International Holdings GmbH

AIG Property Casualty, Inc.

No. 19-11930-B

*Outokumpu Stainless USA, LLC, et al. v. Converteam SAS*

AIG Property Casualty International, LLC

Aimonette, William Gregory, Esq.

AIUH, LLC

American International Group, Inc. (AIG:NYSE) [1]

AXA Corporate Solutions Assurance SA UK Branch

AXA SA (CS:EN)[2]

Burr & Forman, LLP

Cassady, The Honorable William E.

Clausen Miller, P.C.

Converteam SAS[3]

Dolive, Devin C., Esq.

DuBose, The Honorable Kristi K.

---

[1] On information and belief, no publicly traded corporation owns 10% or more of American International Group, Inc.'s stock.

[2] On information and belief, no publicly traded corporation owns 10% or more of AXA SA's stock.

[3] Now known as GE Energy Power Conversion France SAS.

42234703 v2

No. 19-11930-B

*Outokumpu Stainless USA, LLC, et al. v. Converteam SAS*

Dvoretzky, Shay, Esq.

Ferrini, Joseph J., Esq.

Ford, Sara Anne, Esq.

GE Energy Power Conversion France SAS, Corp

GE Power Conversion Group SAS

General Electric Company (GE:NYSE)[4]

Gilchrist, Wesley B., Esq.

Hacker, Jonathan D., Esq.

HDI Gerling UK Branch

HDI Global SE

HDI Haftpflichtverband der Deutschen Industrie V.a.G.

Johnson, Taylor Barr, Esq.

Jones Day

Lightfoot, Franklin, & White, L.L.C.

LocalTapiola Group

---

[4] On information and belief, no publicly traded corporation owns 10% or more of General Electric Company's stock.

42234703 v2

No. 19-11930-B

*Outokumpu Stainless USA, LLC, et al. v. Converteam SAS*

Mitsui Sumitomo Insurance Co., Ltd.

MS&AD Insurance Group Holdings, Inc. (8725:TYO)[5]

MSI Corporate Capital Ltd.

MSIG Holdings (Europe) Limited

O'Melveny & Myers

OP Cooperative

OP Corporate Bank PLC[6]

OP Financial Group

OP Insurance Ltd.

Outokumpu Americas, Inc.

Outokumpu Holding Nederland BV

Outokumpu Oyj (OUT1V:HEL)[7]

Outokumpu Stainless Bar, LLC

---

[5] On information and belief, no publicly traded corporation owns 10% or more of MS&AD Insurance Group Holdings, Inc.'s stock.

[6] Now known as OP Insurance Ltd.

[7] Solidium Oy, a Finnish state owned investment company, holds more than 10% of Outokumpu Oyj's stock.

42234703 v2

No. 19-11930-B

*Outokumpu Stainless USA, LLC, et al. v. Converteam SAS*

Outokumpu Stainless Coil, Inc.

Outokumpu Stainless USA, LLC

Pohjola Insurance Limited

Ramey, E. Travis, Esq.

Rice, Amanda K., Esq.

Royal and Sun Alliance Insurance Group, PLC (RSA:LON)[8]

Royal & Sun Alliance, PLC

Royal Insurance Holdings Ltd.

Royal Insurance Holdings PLC[9]

Sampen, Don R., Esq.

Solidium Oy

Sompo American Insurance Co.

Sompo Americas Holdings, Inc.

---

[8] On information and belief, no publicly traded corporation owns 10% or more of Royal and Sun Alliance Insurance Group, PLC's stock.

[9] Now known as Royal Insurance Holdings Ltd.

42234703 v2

Sompo Holdings, Inc. (8630:TYO)[10]

Sompo Japan Insurance Company of America[11]

Spear, G. Randall, Esq.

Spear, Mark E., Esq.

Spear, Spear & Hamby, P.C.

Swinehart, James R., Esq.

Syndicate 3210

Talanx AG (TLX:ETR)[12]

Tapiola General Mutual Insurance Company

Vague, Amie Adelia, Esq.

Wanhatalo, David G., Esq.

Woods, Ricardo A., Esq.

Wysocki, Kenneth, Esq.

---

[10] On information and belief, no publicly traded corporation owns 10% or more of Sompo Holdings, Inc.'s stock.

[11] Now known as Sompo American Insurance Co.

[12] On information and belief, HDI Haftpflichtverband der Deutschen Industrie V.a.G. holds more than 10% of Talanx AG's stock.

42234703 v2

No. 19-11930-B

*Outokumpu Stainless USA, LLC, et al. v. Converteam SAS*

*s/ Devin C. Dolive*

Devin C. Dolive

One of the Attorneys for
Appellee Outokumpu Stainless
USA, LLC

**OF COUNSEL**

BURR & FORMAN LLP
420 North 20th Street
Suite 3400 Wells Fargo Tower
Birmingham, Alabama 35203
(205) 251-3000
ddolive@burr.com
tramey@burr.com

42234703 v2

No. 19-11930-B

*Outokumpu Stainless USA, LLC, et al. v. Converteam SAS*

<u>*s/ Joseph J. Ferrini (by DCD)*</u>
Joseph J. Ferrini

One of the Attorneys for Appellees
SOMPO JAPAN INSURANCE COMPANY
OF AMERICA; POHJOLA INSURANCE
LIMITED; AIG EUROPE LIMITED;
TAPIOLA GENERAL MUTUAL
INSURANCE COMPANY; AXA
CORPORATE SOLUTIONS ASSURANCE
SA UK BRANCH; HDI GERLING UK
BRANCH; MSI CORPORATE CAPITAL
LTD.; ROYAL & SUN ALLIANCE, PLC

**<u>OF COUNSEL</u>**

CLAUSEN MILLER, P.C.
10 S. LaSalle Street
Chicago, Illinois 60603
Telephone: (312) 855-1010
Facsimile: (312) 606-7777
jferrini@clausen.com

42234703 v2

# STATEMENT REGARDING ORAL ARGUMENT

In *Outokumpu Stainless USA, LLC v. Converteam SAS*, 902 F.3d 1316 (11th Cir. 2018), this Court followed the Fifth Circuit's decision in *Beiser v. Weyler*, 284 F.3d 665 (5th Cir. 2002), to hold that no arbitration could be compelled. That same decision points this Court to the necessary outcome of this appeal — with an arbitration agreement under the New York Convention no longer being in issue, the district court had discretion to remand this case to state court. Because the briefs and record adequately present the facts and argument explaining why remand was not an abuse of the district court's discretion, oral argument will not significantly aid the Court's decisional process. *See* Fed. R. App. P. 34(a)(2)(C); 11th Cir. R. 34-3(b)(3). Therefore, the Appellees do not request oral argument.

42234703 v2

# TABLE OF CONTENTS

## Table of Contents

CERTIFICATE OF INTERESTED PERSONS ............................. C-1 of 8

STATEMENT REGARDING ORAL ARGUMENT ..................................i

TABLE OF CONTENTS ..........................................................ii

TABLE OF CITATIONS .........................................................iv

STATEMENT OF JURISDICTION.........................................1

STATEMENT OF THE ISSUES..............................................1

STATEMENT OF THE CASE ................................................2

    A.    Nature Of The Case..................................................2

    B.    Statement of Facts ...................................................2

        1. The Parties To This Lawsuit...................................2

        2. The Facility, Mills, And Motors .................................3

        3. A GE Energy Motor Catastrophically Failed .............................3

        4. Outokumpu and Insurers Sued GE Energy In Alabama State Court................................................................4

        5. GE Energy Was Not A Party To The Contracts It Invokes........4

        6. Relevant Terms From The Contracts Regarding Arbitration....5

        7. A Separate Consortial Agreement Between FLI And GE Energy ......................................................................5

    C.    Procedural History ...................................................5

    D.    Standard Of Review .................................................6

42234703 v2

SUMMARY OF THE ARGUMENT ........................................................7

ARGUMENT ........................................................................................9

I.   OVERARCHING POINT — REASSESSING JURISDICTION
     AFTER REMOVAL AND AFTER MERITS RULING ...................9

     A.   Jurisdiction Under §205 Is Not Immutable...............................9

     B.   Taking Stock Of Jurisdiction After Removal Once The Court
          Determined Arbitration Will Not Be Compelled ...............10

II.  THIS COURT'S DECISION IN *OUTOKUMPU I* WITH ITS
     BIFURCATED ANALYSIS ...........................................................10

III. WITH ARBITRATION OUT OF THE CASE AND THE
     JURISDICTIONAL HOOK UNDER §205 GONE, THE DISTRICT
     COURT MAY REASSESS JURISDICTION ................................15

IV.  THIS COURT DID NOT DECIDE THE REMAND TO STATE
     COURT ISSUE NOW ON APPEAL; THEREFORE, THE LAW OF
     THE CASE DOCTRINE DOES NOT APPLY ..............................22

V.   WITH THE ARBITRATION DEFENSE GONE, THE DISTRICT
     COURT MAY HAVE SUPPLEMENTAL JURISDICTION BUT
     ALSO HAS THE INHERENT AUTHORITY TO DECLINE TO
     EXERCISE THAT JURISDICTION OVER THE STATE LAW
     CLAIMS........................................................................................23

VI.  THE DISTRICT COURT HAS DISCRETION TO DECLINE THE
     EXERCISE OF SUPPLEMENTAL JURISDICTION ..................28

VII. THE DISTRICT COURT HAD INHERENT AUTHORITY TO
     REMAND AND DID NOT ABUSE ITS DISCRETION IN
     REMANDING................................................................................32

VIII. ALTERNATIVELY, REMAND UNDER §1447(C) IS
     WARRANTED ..............................................................................35

CONCLUSION ..................................................................................37

42234703 v2

# TABLE OF CITATIONS

**Page(s)**

## Cases

*Bailey v. Janssen Pharmaceutica, Inc.,*
   536 F.3d 1202 (11th Cir. 2008)...........................................................6

*Bautista v. Star Cruises,*
   396 F.3d 1289 (11th Cir. 2005)....................................................11, 14

*\*Beiser v. Weyler,*
   284 F.3d 665 (5th Cir. 2002)....................................................*passim*

*Bonnani Ship Supply, Inc. v. United States,*
   959 F.2d 1558 (11th Cir. 1992)...........................................................7

*Burford v. Sun Oil Co.,*
   319 U.S. 315 (1943)...........................................................................28

*\*Carnegie-Mellon University v. Cohill,*
   484 U.S. 343 (1988).......................................................25, 26, 30, 31

*Certain Underwriters at Lloyd's v. Warrantech Corp.,*
   2004 WL 2203244 (N.D. Tex. Sept. 23, 2004) ............................21, 36

*Certain Underwriters at Lloyd's v. Warrantech Corp.,*
   461 F.3d 568 (5th Cir. 2006)............................................................36

*Chandler v. Miller,*
   73 F.3d 1543 (11th Cir. 1996), *overruled on other grounds*
   520 U.S. 305 (1997)...........................................................................6

*\*ESAB Group, Inc. v. Zurich Ins. PLC,*
   685 F.3d 376 (4th Cir. 2012)....................................................*passim*

*Faucher v. Rodziewicz,*
   891 F.2d 864 (11th Cir. 1990)...........................................................6

*Hadar v. Broward County,*
   692 F. App'x 618 (11th Cir. 2017)....................................................26

*Infuturia Global Ltd. v. Sequus Pharms, Inc.,*
   631 F.3d 1133 (9th Cir. 2011) ...........................................................12

*In re City of Mobile,*
   75 F.3d 605 (11th Cir. 1996)................................................. 30, 31, 32

*Kana Energy Servs. v. Jiangsu Jinshi Machinery Group Co.,*
   2019 U.S. Dist. LEXIS 85981 (S.D. Tex. May 22, 2019)........ 19, 20, 37

*Lloyd v. Benton,*
   686 F.3d 1225 (11th Cir. 2012)......................................................31, 32

*Luckey v. Miller,*
   929 F.2d 618 (11th Cir. 1991)............................................................23

*Mongaya AET MCV Beta LLC*, 2018, WL 6067547 (E.D. La.
   Nov. 16, 2018) ...................................................................................37

***Outokumpu Stainless USA, LLC v. Converteam SAS,*
   902 F.3d 1316 (11th Cir. 2018)................................................... *passim*

*Park & Parsley Petroleum Co. v. Dresser Indus.,*
   972 F.2d 580 (5th Cir. 1992)..............................................................26

*QPro Inc. v. RTD Quality Services USA,*
   761 F. Supp. 2d 492 (S.D. Tex. 2011) ...........................................20, 21

*Quackenbush v. Allstate Insurance Co.,*
   517 U.S. 706 (1996)............................................................................28

*Reid v. Doe Run Resources Corp.,*
   701 F.3d 840 (8th Cir. 2012).........................................................12, 21

*Rivas v. Bank of N.Y. Mellon,*
   777 F. App'x 958 (11th Cir. 2019)........................................................6

42234703 v2

*Thermtron Products v. Hermansdorfer,*
   423 U.S. 336 (1976), *abrogated on other grounds by*
   *Quackenbush v. Allstate Insurance Co.,*, 517 U.S. 706
   (1996) ............................................................................... 29, 32

## Statutes

9 U.S.C. §203 ....................................................................... 11, 19, 20

9 U.S.C. §205 ........................................................................... *passim*

28 U.S.C. §1367 .................................................................... 25, 32, 33

28 U.S.C. §1441 ........................................................................ 16, 29

28 U.S.C. §1915(g) ......................................................................... 31

28 U.S.C. §1447(c) ................................................................... *passim*

## Other Authorities

11th Cir. R. 34-3(b)(3) ..................................................................... i

Fed. R. App. P. 28(b)(1) .................................................................. 1

Fed. R. App. P. 34(a)(2)(C) .............................................................. i

42234703 v2

# STATEMENT OF JURISDICTION

Appellees, Outokumpu Stainless USA, LLC (Outokumpu) and Sompo Japan Insurance Company of America; Pohjola Insurance Limited; AIG Europe Limited; Tapiola General Mutual Insurance Company; AXA Corporate Solutions Assurance SA UK Branch; HDI Gerling UK Branch; MSI Corporate Capital Ltd.; Royal & Sun Alliance, PLC (Insurers), are satisfied with the "Statement of Subject Matter and Appellate Jurisdiction" of Appellant, Converteam SAS, n/k/a GE Energy Power Conversion France, SAS, Corp. (GE Energy), as set forth in its Appellant's Brief (GE Brief) at 1-3. *See* Fed. R. App. P. 28(b)(1).

# STATEMENT OF THE ISSUES

1.     When, after a removal under 9 U.S.C. §205, this Court held that GE Energy could not compel arbitration under the Convention, may the district court, when confronted with a motion to remand, reassess federal jurisdiction as to the remaining state-law claims?

2.     If so, does the district court have inherent authority — and thus discretion — to decline to exercise jurisdiction over the remaining state-law claims and remand those to the state court for resolution?

3.     Alternatively, with subject-matter jurisdiction lacking, was remand mandatory under 28 U.S.C. §1447(c)?

42234703 v2

# STATEMENT OF THE CASE

## A.    Nature Of The Case

This action was originally filed in Alabama state court by Outokumpu and Insurers to recover millions of dollars in damages resulting from the failure of motors in Outokumpu's mills. Converteam, now GE Energy, manufactured the motors. The present dispute is jurisdictional, i.e., whether this case, with only state-law claims remaining, belongs in federal court, as maintained by GE Energy, or in state court, as maintained by Outokumpu and Insurers.

## B.    Statement of Facts

### 1.    The Parties To This Lawsuit

Outokumpu is a limited liability company that owns a stainless steel manufacturing facility located in Calvert, Alabama (the "Facility"). (Doc. 1-2, Compl., p. 4.) Insurers, under insurance policies issued to Outokumpu and its parent, hold subrogation interests for payments made with respect to electric motors that failed at the Calvert Facility. (*Id.*) Converteam SAS, now known as GE Energy Power Conversion

42234703 v2

France SAS, Corp.[1] manufactured the motors, which failed after less than two years in service.  (*Id.* at p. 5 ¶¶6, 7, p. 7 ¶17.)

### 2.  The Facility, Mills, And Motors

The Facility contained three Cold Rolling Mills (Mills), used to produce cold-rolled flat-finished stainless steel.  (*See id.* at p. 6 ¶12.)  The Mills use electric motors as part of their operation.  (Doc. 1-2, Compl., p. 6, ¶ 13.)  Each Mill used three motors:  an Entry Motor; a Stand Motor; and an Exit Motor.  (*Id.*)

### 3.  A GE Energy Motor Catastrophically Failed

On or about June 13, 2014, one of the GE Energy Entry Motors failed catastrophically, after approximately nineteen months of operation. (Doc. 38-2, Hawke Aff., p. 5, ¶¶ 18, 20.)  This failure occurred even though the expected life of the motor was over 20 years. (*Id.*, pp. 5-6, ¶¶ 20, 33.)   Following this catastrophic failure, the entire Mill in question went out of operation for more than six months, resulting in millions of dollars of damage.  (*See* Doc. 1-2, Compl., pp. 7-8, ¶¶ 23-24.) Outokumpu boroscoped the remaining GE Energy motors and found

---

[1]According to records on file with the Alabama Secretary of State, Converteam changed its name to GE Energy Power Conversion France SAS, Corp. on or about February 25, 2013.  (*Id.* at ¶6.)

similar problems that adversely affected operation of all three Mills. (*Id.* at ¶¶ 20-21, 24.)

### 4. Outokumpu and Insurers Sued GE Energy In Alabama State Court

Outokumpu and Insurers sued Converteam in Alabama state court on June 10, 2016, seeking to recover the millions of dollars of damages sustained from the motor failures. (*See* Doc. 1-2 Compl.) GE Energy removed the action to federal court, invoking the New York Convention amendments to the Federal Arbitration Act Convention.

### 5. GE Energy Was Not A Party To The Contracts It Invokes

The contracts for the construction of the three Mills (Contracts) were entered into and signed on November 25, 2007 by two entities — ThyssenKrupp (Outokumpu's predecessor) and F.L. Industries Inc. (FLI). (*See, e.g.*, Doc. 1-1, Ex. A, Mill Contract 54, p. 4.[2]) The Contracts pertained to FLI's construction of the Mills for ThyssenKrupp. (*Id.* at p. 9, §2.1). In fact, the Contracts were signed by the two parties,

---

[2]Most page number citations in this brief refer to the electronically-stamped page numbers, but all Mill Contract page citations refer to the actual page numbers on the contract.

ThyssenKrupp (as Buyer) and FLI (as Seller).[3]  (*Id.* at p. 68.)  GE Energy

(or Converteam) did not sign the Contracts.  *See id.*

### 6. Relevant Terms From The Contracts Regarding Arbitration

Section 23 of the Contracts contained a provision for arbitration of

disputes between both parties, ThyssenKrupp and FLI.  Any arbitration

between them was to take place in Düsseldorf, Germany with German

law applying.  (*Id.* at p. 59.)

### 7. A Separate Consortial Agreement Between FLI And GE Energy

On December 18, 2007, roughly a month after ThyssenKrupp and

FLI formed the Contracts, FLI entered into a Consortial Agreement with

Converteam (now GE Energy).  (Doc. 40, Consortial Agreement, p. 13.)

Outokumpu personnel had no knowledge of this agreement.  (Doc. 38-2,

Hawke Aff., p. 4, ¶16.)

### C. Procedural History

GE Energy satisfactorily sets forth the procedural history in its

brief under II. Course of Proceedings and III.  GE Energy's Petition for a

---

[3]ThyssenKrupp later became Outokumpu and FLI later became
Fives ST Corp.

Writ of Certiorari (*see* GE Brief at 21-24), except Outokumpu and Insurers add that GE Energy filed a motion to stay this appeal until the United States Supreme Court's review was completed. Outokumpu and Insurers opposed. This Court denied the Motion to Stay.

**D.** **Standard Of Review**

GE Energy acknowledges that a federal district court's exercise of its inherent authority to remand is reviewed on appeal under an "abuse of discretion" standard. (*See* GE Brief at 49.) Outokumpu and the Insurers agree with this standard of review: "The decision not to exercise supplemental jurisdiction is reviewed for abuse of discretion." *Chandler v. Miller*, 73 F.3d 1543, 1546 n.3 (11th Cir. 1996), *overruled on other grounds* 520 U.S. 305 (1997); *see also Rivas v. Bank of N.Y. Mellon*, 777 F. App'x 958, 963 (11th Cir. 2019); *Faucher v. Rodziewicz*, 891 F.2d 864, 872 (11th Cir. 1990). More generally, as this Court noted the last time this case was on appeal, the court reviews other rulings on motions to remand *de novo*. *See Outokumpu Stainless USA, LLC v. Converteam SAS*, 902 F.3d 1316, 1322 (11th Cir. 2019); *see also Bailey v. Janssen Pharmaceutica, Inc.*, 536 F.3d 1202, 1204 (11th Cir. 2008). Moreover, the Court may affirm the district court's ruling below when that ruling is

"correct on any legal ground, regardless of the grounds addressed, adopted or rejected by the district court." *Bonnani Ship Supply, Inc. v. United States*, 959 F.2d 1558, 1561 (11th Cir. 1992).

<u>**SUMMARY OF THE ARGUMENT**</u>

In *Outokumpu Stainless USA, LLC v. Converteam SAS*, 902 F.3d 1316 (11th Cir. 2018),[4] this Court held that GE Energy had properly removed the case under §205 but could not compel arbitration under the Convention. Because there will be no arbitration, the district court remanded the action back to state court. It had discretion to do so.

The principal thrust of GE Energy's brief is that this Court's prior decision that removal was proper under §205 is fixed for all time. That is wrong. This Court never held that its answer as to §205 removability precluded a later reassessment of jurisdiction. Like this Court did in *Outokumpu I*, the district court turned to the Fifth Circuit's decision in *Beiser v. Weyler*, 284 F.3d 665 (5th Cir. 2002), which plainly recognizes that cases in which removal was proper under §205, where there will be no arbitration, ordinarily must be remanded back to state court. Indeed,

---

[4]This decision will be referred to as *Outokumpu I*, a reference also used by GE Energy. (*See* GE Brief at 12.)

the prominent likelihood of remand directly underpinned *Beiser*'s decision that §205 created broad removability.

Because this Court never rejected any portion of *Beiser* in *Outokumpu I*, any argument that the Court's holding regarding removability under §205 is law of the case misapplies that doctrine.

Moreover, with *Outokumpu I* striking GE Energy's arbitration defense from the case, the federal question ceased. All that remains are state-law claims. In these circumstances, as the Fourth Circuit recognized in *ESAB Group, Inc. v. Zurich Insurance PLC*, 685 F.3d 376 (4th Cir. 2012), the district court has discretion to send the state-law claims back to state court. This case is unlike the abstention cases and other cases GE Energy cites in arguing against remand. Instead, whether the district court's power to remand is inherent or is part of its authority under 28 U.S.C. §1367, it had authority to remand the case.

Alternatively, the remand *Beiser* commands is mandatory; 28 U.S.C. §1447(c) requires it. Some post-*Beiser* decisions have treated the remand after denial of a motion to compel arbitration as being mandatory based on a complete lack of any jurisdiction. Were the Court to conclude those courts are correct, it should affirm on that alternative basis.

8

For all these reasons, the Court should affirm the district court's order remanding the action to state court.

## ARGUMENT

## I. OVERARCHING POINT — REASSESSING JURISDICTION AFTER REMOVAL AND AFTER MERITS RULING

### A. Jurisdiction Under §205 Is Not Immutable

Jurisdiction after removal can be reassessed, such as here, when the Convention basis for federal question jurisdiction — *by this Court's ruling* — disappears. GE Energy says otherwise. Its central argument is that, because this Court determined that subject matter jurisdiction existed under 9 U.S.C §205, at the time of removal, jurisdiction has been established forever. GE Energy repeats this argument over and over; it permeates its entire brief. (*See, e.g.*, GE Brief at 25-26, 29-30, 33-37, 39-41, 42-48, 50.) Thus, GE Energy maintains that, once jurisdiction is found *at the removal stage*, jurisdiction can never be revisited; it can never be changed. Rather, in GE Energy's view, jurisdiction has been

locked in.  GE Energy's position that jurisdiction "once found is bound" is not correct.

### B. Taking Stock Of Jurisdiction After Removal Once The Court Determined Arbitration Will Not Be Compelled

Indeed, jurisdiction was assessed under §205, by the district court and this Court, and both recognized that the case was removable under §205.  Outokumpu and Insurers are not re-litigating that §205, initially, was GE Energy's entryway into federal-question jurisdiction.  But with this Court's ruling that GE Energy cannot compel arbitration under the Convention, the §205 jurisdictional hook has disappeared.  In this way, the Court's ruling was a game-changer, one with which GE Energy has not reckoned.  Instead, GE Energy is stuck at the removal stage, always returning to that point of the case, focusing on what was needed then.

## II. THIS COURT'S DECISION IN *OUTOKUMPU I* WITH ITS BIFURCATED ANALYSIS.

This Court, in *Outokumpu I*, examined two separate questions. First, whether subject-matter jurisdiction under the Convention had been established at removal, and, second, whether a non-signatory to an arbitration agreement could compel arbitration under the Convention. *See id.* at 320.  To answer these questions, this Court undertook a "bifurcated analysis."  *See id.*  The first step of the bifurcated analysis

went to jurisdiction, and the district court was required to perform a limited inquiry on the face of the pleadings and removal notice to determine whether this suit "relates to" an arbitration agreement falling under the Convention based on the factors articulated in *Bautista v. Star Cruises*, 396 F.3d 1289, 1294 n.7 (11th Cir. 2005). The second step of the bifurcated analysis was to determine whether the parties before the district court entered into an agreement, within the meaning of the Convention, to arbitrate their dispute.

GE Energy makes much of this Court's "bifurcated analysis" in *Outokumpu I*. (*See* GE Brief at 28-35, 39-41.) Outokumpu and Insurers recognize and do not dispute that this Court embraced a two-step (i.e., "bifurcated") analysis. *See Outokumpu I*, 902 F.3d at 1320. But GE Energy is wrong about the ramifications of the bifurcated analysis.

As to the jurisdictional prong, this Court noted that §203 provides district courts with original jurisdiction over an action falling under the Convention, and that Congress, under §205, included *broad grounds for removal* "[w]here the subject matter of an action or proceeding pending in a State court relates to an arbitration agreement or award falling under the Convention." *Id.* at 1323, *quoting* 9 U.S.C. §205. This Court

11

relied on *Beiser v. Weyler*, 284 F.3d 665 (5th Cir. 2002), as to the meaning of "relates to" used in §205. In *Beiser*, the Fifth Circuit stated that the plain meaning of "'relates to' sweeps broadly," and, therefore, "whenever an arbitration agreement falling under the Convention could *conceivably* affect the outcome of the plaintiff's case, the agreement 'relates to' the plaintiff's suit," which was sufficient for removal jurisdiction. *Outokumpu I*, 902 F.3d at 1323, *quoting Beiser*, 284 F.3d at 669 (emphasis in original). This Court also noted that the Eighth Circuit, in *Reid v. Doe Run Resources Corp.*, 701 F.3d 840, 844 (8th Cir. 2012), and the Ninth Circuit, in *Infuturia Global Ltd. v. Sequus Pharmaceuticals, Inc.*, 631 F.3d 1133, 1137-38 (9th Cir. 2011), followed *Beiser*. *See Outokumpu I*, 902 F.3d at 1323. This Court then stated: "We join the Fifth, Eighth, and Ninth Circuits and agree that the 'relates to' language of Section 205 provides for *broad removability* of cases to federal court." *Id.* (emphasis added).

Continuing, this Court stated that, for the *initial* jurisdictional inquiry, the district court does not determine whether the agreement binds the parties before it to arbitrate; rather, the district court determines whether, on the face of the pleadings and the removal notice,

there is a non-frivolous claim that the lawsuit relates to an arbitration agreement falling under the Convention. *See id.* at 1324. This first step, to determine jurisdiction at the removal stage, involves a low bar. As said, the district court limits its examination to the pleadings and removal notice. *See id.* at 1320, 1324. Moreover, in *Beiser*, the Fifth Circuit explained that §205 "permits removal on the basis of a federal defense," that is, based on an arbitration clause as shown in the petition for removal. *See Beiser*, 284 F.2d at 671. That approach, this Court wrote, was "consistent with our *removal jurisprudence*." *Outokumpu I*, 902 F.3d at 1325 (emphasis added). Here, this Court applied the "relates to" standard to GE Energy's Notice of Removal and concluded: "[T]his suit sufficiently 'relates to' the arbitration agreement in the Outokumpu/Fives Contracts …. [T]he arbitration agreement contained in those Contracts is sufficiently related to the instant dispute such that it could conceivably affect the outcome of this case." *Id.*

Accordingly, GE Energy got over the low bar for removability under §205, and having done so, GE Energy seemingly proclaims that it has reached a jurisdictional "Promised Land," with federal subject-matter jurisdiction entrenched and unalterable. But GE Energy goes too far,

trying to lock in jurisdiction forever based on the broad, initial (at removal) inquiry for jurisdiction under §205. Nothing in *Outokumpu I* or *Beiser*, as to the first step analysis, goes to what may happen thereafter. Likewise, nothing in *Outokumpu I* and *Beiser* says this threshold jurisdiction under §205 is permanent.

Next, this Court undertook the second step of the bifurcated analysis, i.e., determining whether the parties before it agreed to arbitrate their dispute. Here, this Court addressed GE Energy's Motion to Compel Arbitration, and undertook a more rigorous analysis — a higher bar — involving a merit-based inquiry beyond the pleadings. *See Outokumpu I*, 902 F.3d at 1325-26. This Court determined that arbitration could not be compelled because there was no agreement in writing within the meaning of the Convention (the first *Bautista* factor). *See id.* at 1325. In particular, the agreements housing the arbitration provisions had to be signed by the parties before the Court, and the Contracts here were not signed be GE Energy. *See id.* at 1325-26. As a result, arbitration could not be compelled, and GE Energy's arbitration defense no longer exists in this action.

42234703 v2

GE Energy maintains that the loss of its arbitration defense plays no role in whether there is jurisdiction given this Court's ruling in *Outokumpu I*. GE Energy asserts that it got over §205's low bar for removability and need not look back. In GE Energy's view, federal jurisdiction has been locked in and can never be reassessed. That is wrong. The *Outokumpu I* decision says no such thing. Indeed, it never spoke to what effect inability to compel arbitration under the Convention would have on jurisdiction. Instead, this Court reversed and remanded the district court's order compelling arbitration for further proceedings consistent with its opinion. *See id.* at 1327.

## III. WITH ARBITRATION OUT OF THE CASE AND THE JURISDICTIONAL HOOK UNDER §205 GONE, THE DISTRICT COURT MAY REASSESS JURISDICTION

With GE Energy's arbitration defense gone — based on this Court's ruling in *Outokumpu I* which took away the jurisdictional hook under §205, the question becomes: Should this action, involving state law claims only, be remanded to state court? Magistrate Judge Cassady, in his Report and Recommendation (Doc. 107),[5] framed the issue like this:

---

[5]In her Order of April 18, 2019, the Report and Recommendation (Doc. 107) was adopted by Judge DuBose as the district court's opinion.

"With arbitration not being compelled — that is, with GE Energy no longer being able to assert an international arbitration defense and with the Complaint asserting only state-law claims — should the Court now remand this action to the Circuit Court of Mobile County, where it was originally filed?" (Doc. 107 at 3.)

In the Opinion, the district court turned to *Beiser* to answer to this question. (*See* Doc. 107 at 3.) As mentioned above, this Court drew on *Beiser* and, indeed, followed it as to removability under §205. That analysis was at the front end of the *Beiser* decision. The Fifth Circuit, however, in the back end of the case, talked about removal under §205 being "easy" and Congress intending that §205 "confer jurisdiction liberally." *See Beiser,* 284 F.3d at 674. Though jurisdiction is easily conferred under §205, that does not mean that an action would necessarily stay in federal court, and *Beiser* addressed that topic.

The Fifth Circuit specifically noted that §205 did "not interfere with state courts as much as ordinary removal under the general removal statute, 28 U.S.C. §1441." *Id.* The Fifth Circuit stated that, when "a case

(Doc. 110). Therefore, the Report and Recommendation will be referred to as the "Opinion."

is removed under §1441, it will often remain in federal court until its conclusion," but, under §205, the federal issue "will often be resolved early enough to permit remand to the state court for a decision on the merits." *Id.* at 674-75. In fact, the "arbitrability of a dispute will ordinarily be the first issue the district court decides after removal under §205." *Id.* at 675.

The district court, in its Opinion, picked up on this view when it identified the "possibility of remand discussed in *Beiser*" as being "central to the Fifth Circuit's reasoning to allow for removability under a broad 'relates to' standard." (Doc. 107 at 3.) Significantly, the Fifth Circuit in *Beiser* further advised: "If the district court decides that the arbitration clause does not provide a defense, and no other grounds for federal jurisdiction exist, the court must ordinarily remand the case back to state court." *Beiser*, 284 F.3d at 675. As it must, GE Energy acknowledges that *Beiser* makes this pronouncement. (*See* GE Brief at 38.) GE Energy, however, seeks to downplay the impact of *Beiser*, claiming its reasoning has limited "utility" and its analysis is "*dicta.*" (*See id.* at 38-39.)

The irony is that, when previously making its jurisdictional arguments to this Court, GE Energy cited and embraced *Beiser*. The

Opinion even observed that GE Energy previously marshalled *Beiser's* analysis in favor of removability. (*See* Doc. 107 at 4.) And, as said, this Court, in *Outokumpu I*, 902 F.3d at 1320, 1323-24, favorably discussed and followed *Beiser*, and did not criticize or reject any part of the *Beiser* analysis. Also, the Eighth and Ninth Circuits followed *Beiser*. *See Outokumpu I*, 902 F.3d at 1323. Those circuits, too, did not criticize or reject any part of *Beiser*.

Why does GE Energy now run from *Beiser*? Because its statements on remanding back to state court, once arbitration is eliminated, are so detrimental to GE Energy's argument. That is why GE Energy seeks to reduce the Fifth Circuit's reasoning to *dicta*, even though its reasoning was far from passing commentary. Rather, the *Beiser* decision has a logical flow to it. The Fifth Circuit declared that "§205 will rarely permanently deprive a state court of the power to decide claims properly brought before it," once again stating that the "district court will ordinarily remand those cases that turn out not to be subject to arbitration, such that the state court will be able to resolve the merits of the dispute." *Beiser*, 284 F.3d. at 675. Further, the Fifth Circuit articulated a path forward — stating that, because the district court had

jurisdiction under §205, plaintiff should have responded to the merits of defendant's motion to compel arbitration and, if he were to defeat that motion, he could then move to remand the case to state court. *See id.*

That is the path followed by Outokumpu and Insurers here. With jurisdiction found under §205, they challenged GE Energy's request to compel arbitration and prevailed through this Court's ruling in *Outokumpu I.* That set up Outokumpu and Insurers' subsequent motion in the district court to remand this action back to state court.

The recent case, *Kana Energy Servs. v. Jiangsu Jinshi Machinery Group Co.*, No. H-19-0213, 2019 U.S. Dist. LEXIS 85981 (S.D. Tex. May 22, 2019), is noteworthy in how it applied *Beiser.* In that case, plaintiff had an agreement to distribute defendants' products. Many contracts were entered between them that contained an arbitration clause. *See id.* at *2-3. Citing *Beiser*, the district court stated that it must determine whether it had jurisdiction under §205 before determining the arbitrability of the claims. *See id.* at *7. The court, following *Beiser*, determined that the arbitration clauses in the contracts related to the lawsuit and, therefore, the court had subject matter jurisdiction under 9 U.S.C. §203. *See id.* at *11-12. The court then observed that, merely

because it had subject matter jurisdiction over the action under §203, did not mean that the district court should decide the claim on its merits. *See id.* at \*12. Again applying *Beiser*, the court stated that its role was to determine whether claims were arbitrable and compel arbitration of claims that were. *See id.* at \*12-13. The court then stated that the Fifth Circuit "made clear that to the extent the claims are not subject to arbitration, they should be remanded to state court." *Id.* at \*13. Notably, in *Kana*, a state court judge denied defendant's motion to compel arbitration before defendant filed its notice of removal. *See id.* The federal court treated this denial as if it had been decided by it. Therefore, the claims had already been determined not to be arbitrable, so no federal question remained to support the exercise of jurisdiction under §203. *See id.* Accordingly, the action was remanded to state court for resolution of the merits of plaintiff's state law claims. *See id.* at \*13-14.

Another case, *QPro Inc. v. RTD Quality Services USA*, 761 F. Supp. 2d 492 (S.D. Tex. 2011), took up the following question: should the district court, having found subject-matter jurisdiction over an action removed under §205, remand the action if the parties are not compelled to arbitrate? *See id.* at 503. That is the very issue here. The court in

*QPro* applied *Beiser*, finding that, where claims are based on state law and where the court found the claims not arbitrable, then the case should be remanded. *See id.* at 504. As the court explained, once the basis for federal-question jurisdiction ceases, "the case should be remanded for resolution of the state law claims." *Id.; see also Certain Underwriters at Lloyd's v. Warrantech Corp.*, 2004 WL 2203244, at *2 (N.D. Tex. Sept. 23, 2004).

GE Energy cites *Reid v. Doe Run Resources*, 701 F.3d 840 (8th Cir. 2012), for the proposition that jurisdiction existed under §205 even though "[t]he issues in this case are not referable to arbitration." *Id.* at 843-44, 848. (*See* GE Brief at 39.) The facts in *Reid*, however, are distinguishable. In that case, plaintiffs were Peruvian children that sued an American company, Renco Group, Inc, in Missouri for alleged injuries by environmental contamination from a smelting plant. *See id.* at 842. Though plaintiffs were not in arbitration, an arbitration had been initiated by Renco against the Peruvian government regarding responsibility for remediating any environmental contamination. *See id.* at 843. Therefore, an arbitration award could potentially affect the outcome of plaintiffs' litigation in American courts. Unlike *Reid*, there is

no international arbitration proceeding or award here against FLI's successor Fives ST Corp. (or anyone else) that could affect the outcome of this case. Further, no arbitration will be initiated by Outokumpu or Insurers against Fives.

In its Opinion, the district court recognized that the present action, filed in 2016, was in an early stage. (*See* Doc. 107 at 4.) In fact, it was still at the pleadings stage in federal court, with GE Energy not having yet answered the complaint and no discovery having taken place. (*See* Doc. 107 at 4.) The district court declared: "Therefore, the present case is one in which the federal issue has been resolved early enough to permit remand. *Beiser* and its progeny supply sound reasoning for returning this action — with the arbitration defense gone — to state court for resolution of what are state law claims." (Doc. 107 at 4.) The district court's ruling should be affirmed.

## IV. THIS COURT DID NOT DECIDE THE REMAND TO STATE COURT ISSUE NOW ON APPEAL; THEREFORE, THE LAW OF THE CASE DOCTRINE DOES NOT APPLY

GE Energy contends that the law of the case doctrine applies to this Court's determination in *Outokumpu I* that the case was removable under §205 and that, therefore, the district court had subject-matter

jurisdiction to decide whether GE Energy could compel Outokumpu to arbitration under the Convention. That is true, and the Court explicilty decided those two issues, jurisdiction and arbitrability, in *Outokumpu I*. A different issue, however, is now on appeal: namely, after this Court ruled that arbitration could not be compelled under the Convention, should this action, involving state-law claims only, be remanded to state court? This Court did not decide the remand issue, which was not even before it. The law of the case doctrine does not extend to issues an appellate court did not address. *See Luckey v. Miller*, 929 F.2d 618, 621 (11th Cir. 1991). Accordingly, the law of the case doctrine does not apply.

## V. WITH THE ARBITRATION DEFENSE GONE, THE DISTRICT COURT MAY HAVE SUPPLEMENTAL JURISDICTION BUT ALSO HAS THE INHERENT AUTHORITY TO DECLINE TO EXERCISE THAT JURISDICTION OVER THE STATE LAW CLAIMS

The district court concluded that it had inherent authority to remand this action once GE Energy's international arbitration defense had been eliminated through this Court's decision not to compel arbitration under the Convention. (*See* Doc. 107 at 6.) The district court further concluded that the remaining state law claims of Outokumpu and Insurers were supplemental in nature, and the district court had

inherent authority to remand those to state court. The district court exercised that authority, declined jurisdiction, and remanded the action to state court. (*See id.*; Doc. 110 at 3.)

GE Energy remains mired at the removal stage, arguing that jurisdiction under §205 is premised on the relationship of the action to an arbitration agreement falling under the Convention. (*See* GE Brief at 47.) In other words, according to GE Energy, the relatedness requirement for removability under §205 is met if an arbitration agreement falling under the Convention may conceivably affect the outcome of the case.

As this Court and the district court pointed out, this "relates to" standard is based on what is alleged in the pleadings and removal notice. *See Outokumpu I*, 902 F.3d at 1324. (*See* Doc. 110 at 2.) After determining the "relates to" standard was met, this Court undertook a more rigorous analysis (the second prong of the bifurcated analysis) and concluded that GE Energy could not compel arbitration. *See Outokumpu I*, 902 F.3d at 1327. This ruling in *Outokumpu I* took arbitration and the arbitration agreement — the Contracts — out of the picture, so they will not conceivably affect the outcome of the case. Those agreements were

gone, noted the district court, because of a factual finding made by this Court. (*See* Doc. 110 at 3.) GE Energy, nonetheless, tried to rely on its allegations about the arbitration agreement made in its removal pleadings, and those assertions were deemed "frivolous" by the district court, given this Court's finding of fact. (*See* Doc. 110 at 3.)

Under 28 U.S.C. §1367, the district court has discretion and may decline to exercise supplemental jurisdiction over state-law claims when "the district court has dismissed all claims over which it has original jurisdiction." 28 U.S.C. §1367(c)(3). Further, the Supreme Court, in *Carnegie-Mellon University v. Cohill*, 484 U.S. 343 (1988), declared that, under the pendent jurisdiction doctrine,[6] the district court "had to consider *throughout the litigation* whether to exercise its jurisdiction over the case." *Id.* at 484 U.S. 351 (emphasis added). This shows jurisdiction is not fixed at the start of the case but can be revisited throughout the case. Moreover, the Supreme Court specifically advised: "When the balance of these factors indicate that a case properly belongs in the state

---

[6]Congress, under 28 U.S.C. §1367, largely codified the doctrine of pendent jurisdiction as supplemental jurisdiction. *See ESAB Group, Inc. v. Zurich Ins. PLC*, 685 F.3d 376, 394 (4th Cir. 2012).

court, *as when the federal-law claims have dropped out of the lawsuit in its early stages and only state-law claims remain*, the federal court should decline the exercise of jurisdiction." *Id.* at 350 (emphasis added). *Carnegie-Mellon* teaches that, where there is pendent jurisdiction over state-law claims, a district court has discretion to remand the case back to state court. *See id.* at 357. *See also Hadar v. Broward County*, 692 F. App'x 618, 624 (11th Cir. 2017) (holding that where a sole federal-law claim was dropped from the lawsuit in its early stages and only state-law claims remained, the district court properly declined to exercise jurisdiction); *Park & Parsley Petroleum Co. v. Dresser Indus.*, 972 F.2d 580, 590 (5th Cir. 1992).

The district court's Opinion also stated that it looked favorably on the reasoning of the Fourth Circuit in *ESAB Group, Inc. v. Zurich Insurance PLC*, 685 F.3d 376 (4th Cir. 2012). In that case, the Fourth Circuit applied *Carnegie-Mellon* and recognized that, while an action falling under the Convention may be removed to federal court, the federal court also has authority to decline to exercise jurisdiction over non-arbitrable claims and to remand the non-arbitrable claims to state court. *See id.* at 393-94. In particular, the Fourth Circuit determined that,

when claims falling under the Convention (and over which the district court had original jurisdiction) are no longer in a case, the district court has "authority under §1367(c) to decline to exercise supplemental jurisdiction and has inherent authority to remand the remaining claims to state court." *Id.* at 394.

GE Energy claims *ESAB Group* provides little guidance to this case because the Fourth Circuit only remanded claims as to insurance agreements that did not have arbitration provisions. GE Energy then asserts that the arbitration provisions in the Contracts are essential to this case, and this Court has held that that those provisions "could conceivably affect the outcome of *this case.*" (GE Brief at 48, *quoting Outokumpu I*, 902 F.3d at 1325) (emphasis in original). GE Energy is wrong for two reasons. First, the Contracts are not central to this case. Outokumpu and Insurers have not pleaded a cause of action for breach of the Contracts. They do not even refer to them in the Complaint. Second, arbitration under the Contracts has gone by the wayside, given the *Outokumpu I* decision that arbitraiton cannot be compelled.

Given this Court's decision, the Convention — GE Energy's basis for removal — has been eliminated in the nascent stages of this case,

leaving only Outokumpu's and Insurers' state-law claims. There is no reason for this case to remain in federal court. As such, the district court properly granted remand.

## VI. THE DISTRICT COURT HAS DISCRETION TO DECLINE THE EXERCISE OF SUPPLEMENTAL JURISDICTION

GE Energy argues that the district court did not have discretion to decline the exercise of jurisdiction. (*See* GE Brief at 42.) GE Energy asserts that "federal courts have a strict duty to exercise the jurisdiction conferred by Congress." (GE Brief at 42, *quoting Quackenbush v. Allstate Insurance Co.*, 517 U.S. 706, 716 (1996).) But GE Energy's quotation leaves out the very next sentence from *Quackenbush*: "This duty is not, however, absolute." *Id.* Moreover, *Quackenbush* dealt with the abstention doctrine under *Burford v. Sun Oil Co.*, 319 U.S. 315 (1943). Abstention is not an issue here. No party has asked the district court to abstain. GE Energy has veered off on a tangent, without explaining how an abstention doctrine case forecloses the district court from exercising discretion to remand a case, even if there is supplemental jurisdiction. Additionally, *Quackenbush* was a diversity case. Subject-matter jurisdiction was not based on a federal question, and the case did not deal

with the situation where the federal-question jurisdictional basis disappeared.

GE Energy also contends that the district court may not remand an action on grounds not provided for in the controlling removal statute, which, according to GE Energy, is §205. (*See* GE Brief at 44.) One of the cases GE Energy cites is *Thermtron Products v. Hermansdorfer*, 423 U.S. 336, 351 (1976), *abrogated on other grounds by Quackenbush*, 517 U.S. at 1714-15. *Thermtron* sheds little light on the matter at hand. That case involved a diversity action arising out of an automobile accident. *See Thermtron*, 423 U.S. at 337. The case was removed from Kentucky state court to the federal court under 28 U.S.C. §1441. The federal district court, however, remanded the action on the ground that it was too busy to try the action. *See Thermtron*, 423 U.S. at 342-44. The Supreme Court held that the district court had exceeded its authority by remanding on grounds not permitted in the controlling statute, that is, the grounds for remand permitted in §1447(c). *See id.* at 344-45.

This case has no bearing on the instant case. The matter at hand is not a diversity case. This case was removed under §205. Section 205 does not mention permissible grounds for remanding, while §1447(c) does

(which the district court, in *Thermtron*, went beyond). This action was remanded to Alabama state court because §205 no longer applied after GE Energy's arbitration defense was knocked out by this Court's ruling in *Outokumpu I.*

GE Energy also cites *In re City of Mobile*, 75 F.3d 605 (11th Cir. 1996), a case which GE Energy characterizes as "instructive." (*See* GE Brief at 45.) *City of Mobile*, however, reinforces the point that a district court may decline to exercise supplemental jurisdiction. That case involved a suit filed in state court with regard to injuries in a car accident that occurred when the injured party's car was struck by a car that was being pursued by officers of the Mobile Police Department. *See id.* at 606. Originally, the suit alleged state law causes of action, but, in an amended complaint, plaintiffs added a federal cause of action under 42 U.S.C. §1983. The case was then removed to federal court, but, subsequently, the district court remanded the *entire case*, including the §1983 claim, to state court. *See id.* On appeal, this Court discussed *Carnegie-Mellon, supra,* and reiterated that, when federal claims are eliminated from an action, the district court has discretion to remand the pendent state-law claims to state court. *See id.* at 607. The problem in *City of Mobile* was

that the district court exceed this discretionary authority when it remanded the entire case, including the §1983 claim, to state court. Accordingly, this Court, while recognizing the district court's discretionary authority, reversed because the district court should have retained jurisdiction over the active federal claim. *See id.* at 607-08.

A different scenario is present here. No federal claim remains; rather, this Court's ruling in *Outokumpu I* eliminated the federal question relating to arbitration under the Convention. Now, only state-law claims are left. This scenario is governed by *Carnegie-Mellon*, not *City of Mobile*.

GE Energy also cites *Lloyd v. Benton*, 686 F.3d 1225 (11th Cir. 2012). (*See* GE Brief at 46.) In *Lloyd*, plaintiff filed a *pro se* complaint seeking relief under §1983 for alleged civil rights violations. *See id.* at 1226. Appellants properly removed the case to federal court on the basis of federal question subject matter jurisdiction given the §1983 claim. The district court remanded the action to state court on the ground that the removal under §1441(a) conflicted with the Prisoner Litigation Reform Act (28 U.S.C. §1915(g)), which was intended to curtail abusive prisoner litigation. *See id.* at 1226-27. This Court followed the reasoning of

31

*Thermtron* and *City of Mobile, supra.* As already stated, neither of these cases apply to the situation at hand. In *Lloyd*, as well as *Thermtron* and *City of Mobile*, this Court ruled that a district court was to retain jurisdiction over properly-removed federal claims. *See Lloyd*, 686 F.3d at 1228. Here, the federal claim, the jurisdictional hook, was the relation of the arbitration agreement under the Convention to the action, per the removal pleadings. Post-removal, however, the arbitration agreement and arbitration defense were eliminated by this Court's ruling in *Outokumpu I*. Therefore, the *Lloyd* case was in a different posture than this one. The question in *Lloyd*, to be akin to this action, would have to have been whether the case, initially removed based on a §1983 federal claim, could have been remanded to state court after the §1983 claim *was eliminated*. That was not the issue in *Lloyd*, so that case has no bearing here.

## VII. <u>THE DISTRICT COURT HAD INHERENT AUTHORITY TO REMAND AND DID NOT ABUSE ITS DISCRETION IN REMANDING</u>

GE Energy contends that the district court relied on §1367 *by analogy* to conclude that it had inherent authority to remand this action

to state court. (GE Brief at 49.[7]) There was no "analogy." The district court, in its Opinion, found *ESAB Group, supra,* persuasive and followed its reasoning. (*See* Doc. 107 at 5.) The district court also noted that the Fourth Circuit in *ESAB Group* addressed and rejected an argument similar to the one GE Energy is making. Also, the district court directly referred to the Fourth Circuit's discussion of §1367(c) regarding a court's authority to decline to exercise supplemental jurisdiction.[8] (*See* Doc. 107 at 5.) The district court even quoted the Fourth Circuit's reasoning:

> [A]s to those claims not falling under the Convention, this jurisdiction is supplemental in

_____

[7]GE Energy claims that the Magistrate Judge, at the hearing on the Motion to Remand, was not making a finding that §1367(c) applies. (*See* GE Brief at 49.) Outokumpu and Insurers disagree with this assertion. the Magistrate Judge, in rendering his conclusion, made multiple remarks about jurisdiction over the state law claims being supplemental and having inherent authority not to exercise that jurisdiction. (Doc. 116, Tr. at 49:14-22; 50:1-12; 51:18-23; 52:1-11.) Further, Outokumpu and Insurers believe the Magistrate Judge, in saying he was not finding that the statute applies, was actually referring to §1447(c), under which remand would be mandatory.

[8]GE Energy maintains that neither it nor Outokumpu/Insurers ever cited or invoked §1367 as a basis for federal jurisdiction. That is correct. Outokumpu and Insurers filed in state court and, thus, alleged no basis for federal jurisdiction. GE Energy has never contended that the district court had supplemental jurisdiction; rather, GE Energy has asserted one basis for federal jurisdiction, §205. That said, Outokumpu and Insurers discussed §1367 in their Joint Motion to Remand (Doc. 87 at 8) and discussed pendent jurisdiction in their Joint Reply (Doc. 100 at

nature. And when those claims falling within a court's original jurisdiction are no longer in the case...the court has authority under §1367(c) to decline to exercise such supplemental jurisdiction and inherent authority to remand the remaining claims to state court.

(Doc. 107 at 5-6, *quoting ESAB Group*, 685 F.3d at 394.) The district court then stated that, once GE Energy's arbitration defense had been eliminated, leaving state-law claims only, it had inherent authority to remand those claims to state court. (*See* Doc. 107 at 6.)

Moving beyond this, GE Energy maintains that, even if the district court had inherent authority to remand this action to state court — and it does — it abused its discretion. (*See* GE Brief at 49-50.) As to how the district court abused its discretion, GE Energy simply recycles its argument that removal under §205 is premised on the relatedness of the action to an arbitration agreement falling under the Convention. Outokumpu and Insurers have already dealt with and disposed of this well-trod argument.

---

6-7). Additionally, they referred to §1367 in their Joint Response to Defendant's Objections to Report & Recommendation (Doc. 109 at 6-8).

# VIII. ALTERNATIVELY, REMAND UNDER §1447(C) IS WARRANTED

Outokumpu and Insurers also sought remand in the district court (*see* Doc. 87 at 4-5) based on a lack of subject matter jurisdiction under §1447(c), which provides: "If at any time before final judgment it appears that the district court lacks subject matter jurisdiction, the case *shall* be remanded." 28 U.S.C. §1447(c) (emphasis added). A remand under §1447(c) is not discretionary.

The district court did not base its ruling on §1447(c). Rather, in its Opinion, the district court wrote: "In light of the Fourth Circuit's decision in *ESAB Group* — discussing §1367(c) and the Court's inherent authority — the Court opts not to reach the issue of whether remand is mandatory under §1447(c)." (Doc. 107 at 6, n. 2.)

Nevertheless, grounds exist for remand under §1447(c). (*See* Doc. 87 at 4-5.) Also, as stated before, the Fifth Circuit in *Beiser* declared: "If the district court decides that the arbitration clause does not provide a defense, and no other grounds for federal jurisdiction exists, the court *must* ordinarily remand the case back to state court." 284 F.3d at 675 (emphasis added).

42234703 v2

The post-*Beiser* decision of *Certain Underwriters at Lloyd's v. Warrantech Corp.*, 461 F.3d 568 (5th Cir. 2006), is noteworthy. In *Warrantech*, the defendant removed the action to federal court under the Convention, but the district court refused to compel arbitration and subsequently, applying *Beiser*, remanded the case to state court. *See Certain Underwriters at Lloyd's v. Warrantech Corp.*, No. 4:04-CV-208-A, 2004 WL 2203244 at *2 (N.D. Tex. Sept. 23, 2004). On appeal, the Fifth Circuit confronted the question of whether it had jurisdiction to review the district court's remand order. This question, in turn, required the Fifth Circuit to consider the basis on which the district court had remanded the case. *Warrantech,* 461 F.3d at 572. If the district court had remanded the case under 28 U.S.C. § 1447(c), then the remand order would not be reviewable on appeal. *Id.* In contrast, if the district court had remanded the case on some non-1447(c) grounds, Fifth Circuit law might have permitted an appellate review. Ultimately, the Fifth Circuit concluded that the district court, in remanding the case under *Beiser*, had not "clearly and affirmatively" stated a non-1447(c) grounds for remand. *See id.* at 576. This strongly suggests that a *Beiser* remand following an order denying arbitration is non-discretionary and is governed by 28

U.S.C. §1447(c). *See also Kana Energy*, 2019 U.S. Dist. LEXIS 85981 at *13 (the Fifth Circuit in *Beiser* made clear that claims not subject to arbitration should be remanded to state court); *Mongaya AET MCV Beta LLC*, No. 18-8827, 2018, WL 6067547 at *4 (E.D. La. Nov. 16, 2018) (*Beiser* instructs that "once the district court determines ... that the arbitration clause does not provide a defense — remand is required").

This Court ruled that GE Energy cannot compel arbitration under the Convention and, therefore, subject-matter jurisdiction over this action has ceased to exist. Therefore, this Court can determine that remand to state court is mandatory under §1447(c).

## CONCLUSION

The district court had inherent authority, and properly exercised it, in remanding this action to state court for the resolution of the state law claims. Therefore, this Court should affirm the district court's order granting Outokumpu's and Insurers' Joint Motion to Remand. In the alternative, this Court should remand under §1447(c).

Respectfully submitted,

*s/ Devin C. Dolive*
One of the Attorneys for Appellee
OUTOKUMPU STAINLESS USA, LLC

42234703 v2

**OF COUNSEL:**

Devin C. Dolive
E. Travis Ramey
BURR & FORMAN LLP
420 North 20th Street
Suite 3400
Birmingham, Alabama 35203
Telephone: (205) 251-3000
Facsimile: (205) 458-5100
ddolive@burr.com
tramey@burr.com

Respectfully submitted,

*s/ Joseph J. Ferrini (by DCD)*
One of the Attorneys for Appellees
SOMPO JAPAN INSURANCE COMPANY
OF AMERICA; POHJOLA INSURANCE
LIMITED; AIG EUROPE LIMITED;
TAPIOLA GENERAL MUTUAL
INSURANCE COMPANY; AXA
CORPORATE SOLUTIONS ASSURANCE
SA UK BRANCH; HDI GERLING UK
BRANCH; MSI CORPORATE CAPITAL
LTD.; ROYAL & SUN ALLIANCE, PLC

**OF COUNSEL**

Joseph J. Ferrini
CLAUSEN MILLER, P.C.
10 S. LaSalle Street
Chicago, Illinois 60603
Telephone: (312) 855-1010
Facsimile: (312) 606-7777
jferrini@clausen.com

No. 19-11930-B

*Outokumpu Stainless, LLC, et al. v. Converteam SAS*

## CERTIFICATE OF COMPLIANCE WITH RULE 32

This response complies with the type-face requirements of Federal Rule of Appellate Procedure 32(a)(5) and the type-style requirements of Federal Rule of Appellate Procedure 32(a)(6). This motion has been prepared in 14-point Century Schoolbook, which is a proportionally spaced font that includes serifs.

This response complies with the type-volume limitations in Federal Rule of Appellate Procedure 27(d)(2)(A) because it contains 7,461 words, excluding the cover, certificate of interested persons, the signature block, the Rule 32 certificate, and the certificate of service.

*s/ Devin C. Dolive*
OF COUNSEL

One of the Attorneys for Appellee
OUTOKUMPU STAINLESS USA, LLC

Dated: October 17, 2019

42234703 v2

No. 19-11930-B

*Outokumpu Stainless, LLC, et al. v. Converteam SAS*

## **CERTIFICATE OF SERVICE**

I hereby certify that on October 17, 2019, a copy of the foregoing has been electronically filed with the Clerk of the Court using the CM/ECF system, which will serve it on the following CM/ECF participants. If a party served does not participate in the CM/ECF system, I have served them by U.S. First Class Mail.

Sara Anne Ford
Wesley B. Gilchrist
Amie A. Vague
LIGHTFOOT, FRANKLIN & WHITE, L.L.C.
The Clark Building
400 North 20th Street
Birmingham, Alabama 35203-3200
sford@lightfootlaw.com
wgilchrist@lightfootlaw.com
avague@lightfootlaw.com

*s/ Devin C. Dolive*
OF COUNSEL

42234703 v2