ELEVENTH CIRCUIT NO. 19-11930

IN THE UNITED STATES COURT OF APPEALS
FOR THE ELEVENTH CIRCUIT

OUTOKUMPU STAINLESS USA, LLC, *et al.*,

Plaintiffs – Appellees,

v.

CONVERTEAM SAS, a foreign corporation now known as GE ENERGY
POWER CONVERSION FRANCE SAS, CORP.,

Defendant – Appellant.

APPEAL FROM THE UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF ALABAMA
CASE NO. 1:16-CV-00378-KD-C

REPLY BRIEF OF APPELLANT
GE ENERGY POWER CONVERSION FRANCE SAS, CORP.

Sara Anne Ford
Wesley B. Gilchrist
Amie A. Vague
LIGHTFOOT, FRANKLIN & WHITE, L.L.C.
The Clark Building
400 North 20th Street
Birmingham, AL  35203-3200
(205) 581-0700

## CERTIFICATE OF INTERESTED PARTIES AND
## CORPORATE DISCLOSURE

Pursuant to Eleventh Circuit Rule 26.1-1(a), Appellant GE Energy Power

Conversion France SAS, Corp. ("GE Energy") certifies that the following persons

have an interest in the outcome of this appeal:

AIG Europe Holdings Limited

AIG Europe Limited

AIG Property Casualty, Inc.

AIG Property Casualty International, LLC

AIUH, LLC

American International Group, Inc. (AIG: NYSE)

AXA Corporate Solutions Assurance SA UK Branch

AXA France Assurance SAS

AXA SA (CS: EN)

Burr & Forman, LLP

Cassady, The Honorable William E.

Clausen Miller, P.C.

Converteam SAS

Dolive, Devin C., Esq.

DuBose, The Honorable Kristi K.

Dvoretzky, Shay, Esq.

Ferrini, Joseph, Esq.

Ford, Sara Anne, Esq.

GE Energy Power Conversion France SAS, Corp.

GE Power Conversion Group SAS

General Electric Company (GE:NYSE)

Gilchrist, Wesley B., Esq.

HDI Gerling UK Branch

HDI Global SE

HDI Haftpflichtverband der Deutschen Industrie VVaG

Jones Day

Johnson, Taylor Barr, Esq.

King, M. Christian, Esq.

Lightfoot, Franklin, & White, L.L.C.

LocalTapiola Group

Mitsui Sumitomo Insurance Co., Ltd.

MS&AD Insurance Group Holdings, Inc. (8725:TYO)

MSI Corporate Capital Ltd.

MSIG Holdings (Europe) Limited

OP Cooperative

OP Corporate Bank PLC

OP Insurance Ltd.

Outokumpu Americas, Inc.

Outokumpu Holding Nederland BV

Outokumpu Oyj (OUT1V:HEL)

Outokumpu Stainless Bar, LLC

Outokumpu Stainless Coil, Inc.

Outokumpu Stainless USA, LLC

Pohjola Insurance Limited

Ramey, E. Travis, Esq.

Rice, Amanda, Esq.

Royal and Sun Alliance Insurance Group, PLC (RSA:LON)

Royal & Sun Alliance, PLC

Royal Insurance Holdings PLC

Sompo Americas Holdings, Inc.

Sompo Holdings, Inc. (8630:TYO)

Sompo Japan Insurance Company of America

Spear, G. Randall, Esq.

Spear, Mark E., Esq.

Spear, Spear & Hamby, P.C.

Swinehart, James R., Esq.

Syndicate 3210

Talanx AG (TLX:ETR)

Tapiola General Mutual Insurance Company

Vague, Amie Adelia, Esq.

Wanhatalo, David G., Esq.

Woods, Ricardo A., Esq.

Wysocki, Kenneth, Esq.

*/s/ Sara Anne Ford*
One of the Attorneys for Defendant GE
Energy Power Conversion France SAS,
Corp.

# TABLE OF CONTENTS

CERTIFICATE OF INTERESTED PARTIES AND CORPORATE DISCLOSURE ............................................................................1

TABLE OF CONTENTS ...........................................................................i

TABLE OF AUTHORITIES .................................**Error! Bookmark not defined.**

ARGUMENT .............................................................................................1

I.    Section 205 and Outokumpu I Answer All Questions about Jurisdiction .......1

    A.    Plaintiffs  misunderstand this Court's bifurcated analysis. ...................1

    B.    Other Circuit Decisions Do Not Support Plaintiffs' Position. ..............4

        1.    Reid v. Doe Run Resources .......................................................4

        2.    Beiser v. Weyler ........................................................................7

II.   There Is No Statutory Basis for Remand. ..............................................8

III.  There Is No Basis for Remand under § 1447(c). ..................................12

CONCLUSION .......................................................................................12

CERTIFICATE OF COMPLIANCE ......................................................14

CERTIFICATE OF SERVICE ...............................................................15

# TABLE OF AUTHORITIES

**Page(s)**

**Cases**

*Arbaugh v. Y&H Corp.*,
  546 U.S. 500 (2006)......................................................................................9

*Beiser v. Weyler*,
  284 F.3d 665 (5th Cir. 2002) ...............................................5, 6, 7, 8

*Bender v. Williamsport Area School Dist.*,
  475 U.S. 534 (1986)......................................................................................8

*Carnegie-Mellon University v. Cohill*,
  484 U.S. 343 (1988)....................................................................................11

*City of Chicago v. Int'l College of Surgeons*,
  522 U.S. 156 (1997)....................................................................................10

*ESAB Group, Inc. v. Zurich Ins. Co.*,
  685 F.3d 376 (4th Cir. 2012) ..............................................................11

*Keene v. Auto Owners Ins. Co.*,
  78 F. Supp. 2d 1270 (S.D. Ala. 1999) ..............................................10

*Lloyd v. Benton*,
  686 F.3d 1225 (11th Cir. 2012) ......................................................9, 10

*Outokumpu Stainless USA, LLC v. Converteam*,
  902 F.3d 1316 (11th Cir. 2018) ...................................................*passim*

*Reid v. Doe Run Resources*,
  701 F.3d 840 (8th Cir. 2012) ...........................................................4, 5, 6

*Schiavo ex rel. Schindler v. Schiavo*,
  403 F.3d 1289 (11th Cir. 2005) ..........................................................2, 3

**Statutes**

9 U.S.C. § 205...............................................................................................*passim*

28 U.S.C. § 1291 ...................................................................12

28 U.S.C. § 1367 .................................................8, 10, 11, 12

28 U.S.C. § 1447(c) .............................................................12

# ARGUMENT

## I. Section 205 and Outokumpu I Answer All Questions about Jurisdiction.

Outokumpu and the Insurers (collectively, "Plaintiffs") concede as they must that this Court held in *Outokumpu I* that GE Energy cleared 9 U.S.C. § 205's low bar for removal and "the district court properly exercised jurisdiction" because "the arbitration agreement contained in [the] Contracts is sufficiently related to the instant dispute such that it could conceivably affect the outcome of this case." *Outokumpu Stainless USA, LLC v. Converteam*, 902 F.3d 1316, 1325 (11th Cir. 2018). Plaintiffs contend, however, that "jurisdiction under § 205 is not immutable" and "can be reassessed … when the Convention basis for federal question jurisdiction — *by this Court's ruling* — disappears." Appellee Br. at 9 (emphasis in original). *Outokumpu I* leaves no room for this argument; it is directly contrary to this Court's bifurcated analysis.

### A. Plaintiffs misunderstand this Court's bifurcated analysis.

Plaintiffs fault GE Energy for ignoring what *Outokumpu I* does not say and yet ignore what *Outokumpu I* actually says. In particular, Plaintiffs argue that *Outokumpu I* "never spoke to what effect inability to compel arbitration under the Convention would have on jurisdiction." *Id.* at 15. Plaintiffs are wrong.

This Court established a "bifurcated analysis" of jurisdiction under § 205 and arbitration under the Convention. 902 F.3d at 1320. It expressly stated that the standards were different. *Id.* It reiterated the separateness of the inquiries

1

throughout the opinion, stating that "[t]his jurisdictional inquiry is distinct from a determination of whether the parties are bound to arbitration"; that "Section 205 does not require a district court to review the putative arbitration agreement—or investigate the validity of the signatures thereon—before assuming jurisdiction"; and that "in determining jurisdiction the district court need not—and should not—examine whether the arbitration binds the parties before it." *Id.* at 1324.

This Court's adoption of a bifurcated analysis and its clear direction that jurisdiction on a motion to remand is assessed differently than, and independently of, the merits of a motion to compel arbitration left no question unanswered regarding the jurisdictional analysis to be conducted under § 205. Under that statute, jurisdiction is assessed strictly "on the face of the pleadings and the removal notice" before and without regard to whether the parties are required to arbitrate. *Id.* Thus, the outcome of the motion to compel arbitration—whether one party is able or unable compel arbitration under the Convention—has no effect on whether the district court has jurisdiction under § 205.

The district court, however, expressly premised its decision to remand on the fact that this Court ruled that GE Energy cannot compel arbitration. There is nothing bifurcated about that approach. It conflicts with *Outokumpu I* and must be reversed. *See Schiavo ex rel. Schindler v. Schiavo*, 403 F.3d 1289, 1291 (11th Cir. 2005) (law of the case doctrine).

Remarkably, Plaintiffs go even further and contend that this Court's holding under "the second prong of the bifurcated analysis … that GE Energy could not compel arbitration" means that "arbitration and the arbitration agreement — the Contracts — [are] out of the picture, so they will not conceivably affect the outcome of the case." *Id.* at 24.  Plaintiffs are wrong again.

In *Outokumpu I*, this Court held for purposes of jurisdiction under § 205 that "the present lawsuit against GE Energy concerns the performance of the Outokumpu-Fives Contracts, and the arbitration agreement contained in those Contracts is sufficiently related to the instant dispute such that it could conceivably affect the outcome of the case." *Id*. at 1324-25.  That did not change simply because, two pages later in the same opinion, the Court held that GE Energy could not compel arbitration under the Convention because it was not a signatory to the Contracts.  If it did, then jurisdiction under § 205 is entirely dependent upon the ability to compel arbitration under the Convention, and this Court's adoption of a "bifurcated analysis" is meaningless.

Notably, in making this argument, Plaintiffs do not even attempt to defend the district court's obvious mistake in relying upon "the factual finding by the Eleventh Circuit that 'there is no agreement in writing within the meaning of the Convention' when determining its jurisdiction under 9 U.S.C. § 205," Doc. 110 at 3 (quoting *Outokumpu I*, 902 F.3d at 1325), when it is clear this Court made that specific

statement in Part V of its opinion addressed to the motion to compel arbitration. In Part IV of the opinion addressing jurisdiction, this Court expressly found that the Contracts satisfy the first "agreement in writing" factor because they are signed by Outokumpu and Fives. *Outokumpu I*, 902 F.3d at 1324.

This indefensible error gets to the very heart of the issue. There are different standards for jurisdiction under § 205 and arbitration under the Convention. This Court in *Outokumpu I* said that they must be analyzed differently and did in fact analyze them differently in this very case. This Court found jurisdiction under § 205, the governing statute. That decision stands and controls. The district court's decision to the contrary, based on an erroneous factual finding (that this Court found there was no agreement in writing for jurisdictional purposes, when this Court actually found just the opposite), must be reversed.

### B. Other Circuit Decisions Do Not Support Plaintiffs' Position.

#### 1. *Reid v. Doe Run Resources*

As GE Energy explained in its opening brief at 28-30, the Eighth Circuit in *Reid v. Doe Run Resources*, 701 F.3d 840 (8th Cir. 2012), is the closest case to this one. The plaintiffs sued in state court, the defendant removed pursuant to § 205 and moved to stay, and the district court denied plaintiffs' motion to remand. *Id*. at 843. In addressing jurisdiction, the Eighth Circuit began by observing that "[t]he removal right in § 205 is 'substantially broader' than that in the general removal statute." *Id*.

(quoting *Ensco Int'l, Inc. v. Certain Underwriters at Lloyd's*, 579 F.3d 442, 451 (5th Cir. 2009). The Eighth Circuit then adopted the same "conceivably affect" test of *Beiser v. Weyler*, 284 F.3d 665 (5th Cir. 2002), for determining the scope of "related to" jurisdiction under § 205. The court held that removal was proper even though there was no contractual relationship at all between the plaintiffs and the defendant. *Id.* The sole connection that the claims in *Reid* had to any arbitration agreement was that an affiliate of the defendant and the nation of Peru were involved in an arbitration that "could impact disputes at issue in this case," including liability, causation, and damages. *Id.* at 844.

Given the broad scope of removal under § 205, the *Reid* court had no hesitation in finding jurisdiction even in the absence of an arbitration agreement applicable to the plaintiffs' claims:

> This court holds that the issues in this case "relate to" the arbitration but are not "referable to" arbitration. As the district court correctly stated, the "relate to" standard is "different and much lower than the question of whether the issues are referable to arbitration."

*Id.* at 848 (citations omitted from original).

Plaintiffs argue that *Reid* is distinguishable because in that case there was an international arbitration proceeding between an affiliate of the defendant and a foreign nation and here there is no other arbitration proceeding. Appellee Br. at 21-

22. Plaintiffs seek to underscore this point by curiously backtracking on the previous representation to the district court that there would be arbitration against Fives, *see* 11/3/16 Tr. at 32:11-14, by now declaring that "no arbitration will be initiated by Outokumpu or Insurers against Fives." *Id.* at 22.

As an initial matter, GE Energy notes that this representation is not binding in any way. It also raises as many questions as it purports to answer, such as (i) will Fives initiate an arbitration against Outokumpu or Insurers? (ii) will Outokumpu Oyj, the parent company of Outokumpu and subrogor of Insurers, institute an arbitration against Fives? (iii) have Outokumpu and Insurers assigned their rights against Fives to a third-party who may initiate arbitration?

Plaintiffs' representation serves more to make the point than to refute it. The standard under *Outokumpu I*, *Reid*, and *Beiser* is, could the arbitration agreement "*conceivably affect* the outcome of the case"? *See* 902 F.3d at 1323. In *Reid*, the Eighth Circuit held that an arbitration proceeding involving different parties but the same subject matter could conceivably affect the case before it as to specific factual findings, potential parties, and damages. Here, it is still conceivable that Plaintiffs, Outokumpu's parent company, or any of their assignees could arbitrate with Fives and create the same relation to this dispute as in *Reid*.

More to the point, in *Outokumpu I*, this Court never once even mentioned that Outokumpu and Fives had been compelled to arbitrate their dispute. Rather, this

Court found the necessary relationship between the arbitration agreements themselves and "the present lawsuit against GE Energy" because this case "concerns the performance of the Outokumpu-Fives Contracts." *Id.* at 1325. That is as true now as ever. Thus, whether Outokumpu and Fives ever arbitrate is irrelevant.

### 2. *Beiser v. Weyler*

Plaintiffs spend much of their brief clinging to *Beiser* and decisions of district courts within the Fifth Circuit that follow it. Of course, it is not surprising that lower courts within the Fifth Circuit follow *Beiser*. But the question now is whether the Eleventh Circuit, having determined in *Outokumpu I* that the questions of jurisdiction under § 205 and arbitration under the Convention require a bifurcated analysis, will adhere to that decision. Plaintiffs' position is that this Court really contemplated a *tri*furcated approach in which a district court (1) assesses its jurisdiction under § 205 for the sole purpose of (2) considering a motion to compel arbitration and then (3) reassesses its jurisdiction if it determines in step 2 that arbitration is unavailable. If this was the intended result, why adopt a bifurcated analysis in the first place instead of a merged analysis in which jurisdiction depends on the outcome of the motion to compel arbitration?

*Beiser* itself provides no answers because it did *not* adopt a bifurcated analysis and instead leaned hard toward a single-step analysis in which "[t]he district court will ordinarily remand those cases that turn out not to be subject to arbitration[.]"

284 F.3d at 675. But the defendant in *Beiser* challenged only jurisdiction under § 205 and not whether he could be compelled to arbitrate. *Id.* at 667-68. In *Outokumpu I*, however, this Court addressed both jurisdiction and arbitration, bifurcated the analyses of those two issues, and reached different conclusions – jurisdiction, yes; arbitration, no. That decision should be followed, and *Beiser*'s *dicta* ignored.

## II.    There Is No Statutory Basis for Remand.

Plaintiffs' argument that the district court may decline to exercise its jurisdiction under § 205 necessarily implies that the district court has jurisdiction under § 205 to begin with. What Plaintiffs, and the district court, have failed to explain is how jurisdiction under § 205 is "supplemental in nature" and thus how the district court had the "inherent authority" to remand. Those concepts appeared only in the Report and Recommendation, *see* Doc. 107 at 6, which the district court adopted but did not elaborate upon with respect to the nature of its jurisdiction.

There is absolutely no basis for the district court's conclusion that jurisdiction under § 205 is "supplemental in nature." Section 205 itself says no such thing. It does not use the words "supplemental" or "pendant" to refer to its jurisdiction. It does not refer to 28 U.S.C. § 1367.

This is pivotal because federal subject-matter jurisdiction is a creature of the Constitution and federal statutes. *See Bender v. Williamsport Area School Dist.*, 475

U.S. 534, 541 (1986) ("Federal courts are not courts of general jurisdiction; they have only the power that is authorized by Article III of the Constitution and the statutes enacted by Congress pursuant thereto."); *Arbaugh v. Y&H Corp.*, 546 U.S. 500, 516 n.11 (2006) (observing Congress's "prerogative to restrict the subject-matter jurisdiction of federal district courts based on a wide variety of factors"). Congress has the authority to create or limit jurisdiction, not the courts, *ibid.*, and it did so in enacting § 205. By characterizing its jurisdiction inconsistently with the statute and in a way that gave rise to its supposed "inherent authority" to remand, the district court ran afoul of § 205 and committed error.

This becomes more clear in light of this Court's express pronouncements that the power to remand is likewise provided only by statute and is not court-created. "The Supreme Court has held that district courts lack authority 'to revise the federal statutes governing removal by remanding cases on grounds that seem justifiable to them but which are not recognized by the controlling statute.'" *Lloyd v. Benton*, 686 F.3d 1225, 1228 (11th Cir. 2012) (quoting *Thermtron Prods., Inc. v. Hermansdorfer*, 423 U.S. 336, 351 (1976), *abrogated on other grounds by Quackenbush v. Allstate Ins. Co.*, 517 U.S. 706 (1996)). More to the point, "a district exceeds its authority when it remands a federal claim 'on grounds not provided for in the controlling [removal] statute.'" *Id.* (quoting *In re City of Mobile*, 75 F.3d 605, 607 (11th Cir. 1996)).

These rules are clear. These rules speak directly to this situation. Namely, §

205 is the "controlling removal statute," and therefore only grounds provided in §

205 may provide a basis for remand. There are no grounds in § 205 that authorize

remand of this case. Section 205 gives district courts no authority, much less

"inherent authority," to remand. Looking only to § 205, as *Thermtron Products*,

*Lloyd*, and *City of Mobi*le require, the district court must be reversed.

To breathe into § 205 the "inherent authority" to remand, Plaintiffs and the

district court rely upon § 1367. But GE Energy never invoked § 1367 as a basis for

jurisdiction, and it does not apply.

Section 1367's limited operation in the context of removal is that it affords

supplemental jurisdiction over non-removable claims if there is another statutory

basis for removal of the entire action. *See City of Chicago v. Int'l College of

Surgeons*, 522 U.S. 156, 166-67 (1997); *Keene v. Auto Owners Ins. Co.*, 78 F. Supp.

2d 1270, 1273-74 (S.D. Ala. 1999). Here, the statutory basis for removal was § 205,

which provides for removal of an entire "action or proceeding" if the related-to

requirement is met. Thus, under § 205, the entire action was removable because of

its relation to the arbitration agreement in the Contracts, and the district court never

needed to and did not exercise supplemental jurisdiction under § 1367. The simple

fact is that § 1367 has no place in this analysis.

Plaintiffs' reliance on *Carnegie-Mellon University v. Cohill*, 484 U.S. 343 (1988), as a reason why § 1367 matters is unavailing.  In that case, the Supreme Court merely gave district courts the option to remand a case involving pendent claims *as an alternative to dismissing the case altogether* after determining that it should no longer exercise jurisdiction over the pendent claims.  *See id.* at 351-52.  This was not a broad pronouncement about district courts' "inherent authority" to remand, as Plaintiffs claim, but instead was merely a matter of "the principles of economy, convenience, fairness, and comity which underlie the pendent jurisdiction doctrine."  *Id.* at 357.

For the same reasons, *ESAB Group, Inc. v. Zurich Ins. Co.*, 685 F.3d 376 (4th Cir. 2012), does not provide any guidance.  As an initial matter, *ESAB Group* barely discussed § 205 and never addressed whether it allowed for remand of the two remaining claims involving insurance policies with no arbitration provisions.  Critically, however, *ESAB Group* premised its entire discussion of whether to remand those claims on the district court's having exercised jurisdiction over those claims only pursuant to § 1367.  *See id.* at 393-94.  Thus, in its view, the district court had original jurisdiction over the five claims involving insurance policies with arbitration provisions and supplemental jurisdiction over the other two claims.  *Id.* Once the five arbitrable claims were gone, under *Carnegie-Mellon*, the district court had the discretion to remand.  *Id.*

Here, there are no claims within the district court's supplemental jurisdiction. The district court's jurisdiction over the entire action was premised on § 205, as this Court found in *Outokumpu I*, and jurisdiction pursuant to § 205 still exists. Accordingly, there is no authority under § 1367 or otherwise for remand.

## III.  There Is No Basis for Remand under § 1447(c).

As an initial matter, Plaintiffs stated they were satisfied with GE Energy's Statement of Subject Matter and Appellate Jurisdiction.  Appellee Br. at 1.  In that Statement, GE Energy asserted that the district court "did not remand for lack of subject matter jurisdiction pursuant to 28 U.S.C. § 1447(c)," and this Court therefore has subject-matter jurisdiction pursuant to 28 U.S.C. § 1291.  Appellant Br. at 2. Plaintiffs' position that remand is available under § 1447(c) is inconsistent with its acceptance of GE Energy's Statement and should not be considered.

Regardless, § 1447(c) applies only if "it appears that the district court lacks subject matter jurisdiction."  In the face of this Court's holding in *Outokumpu I* that the district properly exercised jurisdiction under § 205, there simply is no basis for any argument that the district court has ever lacked jurisdiction.

## CONCLUSION

For the foregoing reasons and those stated in the Appellant's Brief, this Court should reverse and vacate the district court's order remanding this case.

<div style="text-align: right">

*/s/ Sara Anne Ford*
One of the Attorneys for Defendant GE

</div>

Energy Power Conversion France SAS, Corp.

OF COUNSEL:

Sara Anne Ford
*sford@lightfootlaw.com*
Wesley B. Gilchrist
*wgilchrist@lightfootlaw.com*
Amie A. Vague
*avague@lightfootlaw.com*
LIGHTFOOT, FRANKLIN & WHITE, LLC
The Clark Building
400 North 20th Street
Birmingham, AL  35203-3200
(205) 581-0700

**CERTIFICATE OF COMPLIANCE**

This brief complies with the type-face requirements of Federal Rule of Appellate Procedure 32(a)(5) and the type-style requirements of Federal Rule of Appellate Procedure 32(a)(6). This motion has been prepared in 14-point Times New Roman, which is proportionally spaced font that includes serifs.

This motion complies with the type-volume limitations in Federal Rule of Appellate Procedure 32(a)(7)(B) because it contains 2609 words, excluding the parts exempted by Federal Rule of Appellate Procedure 32(f).

<div style="margin-left:40%;">

*/s/ Sara Anne Ford*

One of the Attorneys for Defendant
GE Energy Power Conversion
France SAS, Corp.

</div>

# CERTIFICATE OF SERVICE

I certify that on November 7, 2019, a copy of the foregoing was filed with the Clerk using CM/ECF, which will send an electronic notice of filing to the following counsel of record:

Devin C. Dolive
E. Travis Ramey
BURR & FORMAN LLP
Wells Fargo Tower
420 20th Street North, Suite 3400
Birmingham, Alabama 25203

Ricardo A. Woods
Taylor Barr Johnson
BURR & FORMAN LLP
11 North Water Street, Suite 22200
Mobile, Alabama 36602

G. Randall Spear
Mark E. Spear
SPEAR, SPEAR & HAMBY, P.C.
Post Office Box 1347
Mobile, Alabama 36633

James R. Swinehart
Kenneth Wysocki
Joseph J. Ferrini
CLAUSEN MILLER, P.C.
10 S. LaSalle Street
Chicago, Illinois 60603

*/s/ Sara Anne Ford*
Of Counsel